IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

G. G. MARCK & ASSOCIATES, INC.,

                   Plaintiff,               Case No. 3:05 CV 7391

    -vs-

                                     O  R  D  E  R

JAMES PENG, et al.,

                   Defendant.

KATZ, J.

       Before the Court is Plaintiff's motion to produce attorney-client communications which have been examined *in camera* by this Court (Doc. No. 36); Defendants have filed an opposition to that motion. Having considered the content of the communications examined by the Court, the law with regard to the sanctity and confidentiality of attorney/client communications and the specific nature of the actions taken by the parties in this case with respect to such communications, the Court will grant Plaintiff's motion.

       A brief recounting of the background of this matter is necessary. On October 19, 2005, in the midst of a hearing before the Court, the parties reached an agreement settling the lawsuit. That agreement was placed on the record in open court. Thereafter, Plaintiff through counsel was advised that Defendants would not complete the settlement pursuant to the terms and conditions agreed to in open court. On November 18, 2005 Plaintiff filed a motion to enforce the settlement agreement.

       Up until that point Defendants had been represented by Spengler Nathanson and Theodore M. Rowen; Mr. Rowen filed a motion for leave to withdraw on November 21, 2005 and on

November 28, 2005 attorney David Fink filed a motion to appear on behalf of Defendants, *pro hac vice*. Included with the motion filed by Mr. Fink was correspondence from Mr. Rowen to Defendants dated November 17, 2005, in which Mr. Rowen advised Defendants to sign the revised permanent injunction and settlement agreement; that letter was noted as being "privileged and confidential subject to attorney/client privilege." Also included with that motion were emails from Mr. Peng to Mr. Rowen and from Mr. Rowen to Mr. Peng dated November 21, 2005.

Further efforts to resolve the subject matter were pursued, including a hearing before this Court to enforce the settlement. At the end of that hearing, it appeared that a resolution had been achieved and the hearing was adjourned to provide the parties an opportunity to finalize an agreement. The Court held the subject motion in abeyance pending efforts by the parties to resolve their differences. The Court has now been advised that such resolution has not been achieved and Plaintiff has filed a motion to reopen (Doc. No. 45) and requested a hearing on the motion to enforce, which will be granted.

There is no question in the Court's mind that the attorney/client privilege has been waived in this instance, and that such waiver was not an innocent mistake. Defense counsel Fink was requested to provide Plaintiff's counsel with a complete copy of an email from Mr. Rowen to Defendant Peng dated November 21, 2005 because that privileged communication when filed by Mr. Fink originally was not a complete copy of the email. Plaintiff's attorney, Daniel Ellis, Esq., described in an email to Mr. Fink dated November 29, 2005 the basis upon which he felt he was entitled to a complete copy of that email. Mr. Ellis stated "[y]our production of Attorney Rowen's letter to Mr. Peng and the email exchange between Attorney Rowen and Mr. Peng has waived any claim to attorney-client privilege that may have attached to the communications between them

2

relating to the Permanent Injunction and Settlement Agreement and Mutual Release of All Claims." (Doc. No. 36 pp. 3-4). In response to that email, Mr. Fink sent the complete copy of the email that Plaintiff's counsel had requested, without objection or reservation of rights. That clearly demonstrates that the waiver of attorney-client privilege was not accidental or inadvertent.

This Circuit has held that once privileged communications are disclosed by a client or with the client's approval by, in this instance an attorney, the reason for protection of the attorney-client privilege disappears. *In re Grand Jury Proceedings,* 78 F.3d 251, 254 (6th Cir. 1996). Ohio case law is in concert with that position. *See, Hollingsworth v. Time Warner Cable*, 157 Ohio App. 3d 539 (2004) in which the court held that where a client makes a partial, voluntary disclosure of a privileged document to a third party there is a waiver of the attorney-client privilege. *In Re Grand Jury Proceedings* also held that disclosure of privileged communications waives the attorney-client privilege for all communications on the same subject matter. *Id.* at 255.

The Court has reviewed *in camera* the documents provided by Mr. Rowen and finds that all relate to the case at bar and the issues arising out of the October 19, 2005 hearing/settlement pertaining to the injunctive relief sought, settlement of this cause and related matters. Because the Court has determined that those materials are no longer privileged and may be disclosed to Plaintiff, counsel for Plaintiff shall arrange with the Court's staff to pick up same pursuant to this order.

A hearing on the motion to enforce the settlement is set for March 15, 2006 at 1:30 p.m.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE