IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

G. G. MARCK AND ASSOCIATES, INC.,

                        Plaintiff,                  Case No. 3:05 CV 7391

    -vs-

                                                   O  R  D  E  R

JAMES PENG, et al.,

                        Defendant.

KATZ, J.

This matter is before the Court on Plaintiff's motion to appoint a Special Master (Doc. No. 49). Defendants have responded (Doc. No. 52), and Plaintiff has replied (Doc. No. 55). With leave of the Court, Defendants have also filed an additional brief, which they have captioned as "Plaintiff's [sic: Defendants'] Motion to [sic] Concerning the Scope of the Stipulated Final Order for Permanent Injunction" (Doc. No. 61). Though captioned as a motion, the brief does not ask the court to do anything other than deny the Plaintiff's various pending motions, so the Court will treat it as a sur-reply. Because the parties are unable to agree on the scope of the duties of the independent monitoring agent they have stipulated to, the Plaintiff's motion to appoint that agent, Moss Adams, LLP, as a Special Master is granted, under the terms stated herein.

## BACKGROUND

Plaintiff G.G. Marck and Associates, Inc., makes ceramic coffee mugs with clear epoxy coatings that allow "sublimation images" to be transferred onto the mugs. The Defendant companies, which are owned or controlled by Defendant James Peng, also make "sublimation mugs," in China, and imports them into the United States.

Plaintiff sued Defendants in state court, claiming they gained a competitive advantage by: submitting false or inaccurate documentation to U.S. Customs, including under-reporting the manufacturing cost of their mugs and thereby evading tariffs; shipping mugs in illegally overweight containers; failing to designate their mugs' country of origin; and importing mugs made with forced or prison labor, in violation of federal law. *See* (Doc. No. 1-2, ¶ 24). Plaintiff set forth claims of unfair competition; civil conspiracy; deceptive trade practices; misappropriation of mark, reputation, name, and trade dress (based on Defendant's use of a certain logo); and tortious interference with business relations. Plaintiff sought a temporary restraining order, preliminary and permanent injunctive relief, and damages. Defendant removed to this Court.

On the second day of a two-day TRO hearing, the parties reached a settlement that was read into the record. The case was dismissed, but would not remain at rest. The Plaintiff moved to enforce the settlement agreement, and the Court held a hearing on the motion to enforce. During the hearing, the parties reached agreement on a Stipulated Order for Permanent Injunction (Doc. No. 35) ("the Stipulated Order"), and the hearing was continued and eventually vacated.

In the Stipulated Order, the parties agreed to employ a monitoring agent to track Defendants' compliance with certain requirements. They have agreed on the monitoring agent: the CPA firm of Moss Adams, LLP. However, the parties disagree about several issues which must be resolved before Moss Adams may undertake its assigned task.

First, the parties disagree about precisely which provisions of the Stipulated Order Moss Adams is to monitor Defendants' compliance with. Defendants argue that the parties intended Moss Adams to monitor only compliance with the two enumerated provisions that fall under the heading "Prohibited Business Activities," which are:

2

> 1. Submitting falsified or inaccurate documentation to U.S. Customs, including but not limited to the "transactional value" of their products; and,
> 2. Shipping products within the territorial boundaries of the United States by truckload bearing aggregate weights in excess of weight limitations permitted by applicable federal, state or local laws.

(Doc. No. 35, p. 4). Plaintiff, on the other hand, argues that the parties meant Moss Adams to monitor Defendants' compliance with the entirety of the Stipulated Order, which also includes, *inter alia*, a provision stating that the "Defendants agree to accurately designate the country of origin on its products and/or packaging imported into the United States," and a provision requiring Defendants to deliver copies of the order to various entities and to certify and keep a log of such deliveries.

Based on the correspondence attached to the various filings, it is also apparent that the parties disagree about what reports and documentation Moss Adams will provide to the parties and their counsel, in addition to the report provided to the Court. Defendants agree that Moss Adams should provide a report to Plaintiff stating whether Defendants are or are not in compliance, and argue that the Defendants should receive the same report as the Court. (Doc. No. 49, p. 28). Plaintiff apparently seeks to have a truncated version of the Court's report sent to Defendants, and to have a report stating the specific results of the procedures performed sent to Plaintiff's counsel. (Doc. No. 49, p. 24).

Because the parties cannot agree on the terms of their engagement with Moss Adams, Plaintiff asks the Court to appoint Moss Adams as a Special Master, and to determine the scope of the monitoring it shall undertake and the reports to be generated. Federal Rule of Civil Procedure 53 provides that the Court may appoint a special master to "perform duties consented to by the parties." Fed. R. Civ. P. 53(a)(1)(A).

3

Here, the parties agreed in their Stipulated Order that an independent agent was to be appointed "for the purpose of monitoring and investigating compliance with *any* provision of this order." (Doc. No. 35, p. 6) (emphasis added). The Court finds that in so stipulating, the parties consented to Moss Adams monitoring the Defendants' compliance with the Stipulated Order in its entirety, not merely with the two provisions enumerated in one particular section.

> As to the reports Moss Adams is to generate, the Stipulated Order provides that: The monitoring agent shall . . . provide copies of the audit report and supporting documents under seal to [the] Court. Any documents reviewed by the monitoring agent, as well as[] all copies thereof shall be considered confidential and shall be clearly marked as "Confidential, Attorney Eyes and Monitoring Agent Only" prior to being provided to the monitoring agent and shall be provided to Marck's attorney only pursuant to an order of this Court.

(Doc. No. 35, pp. 6-7). The Order does not expressly provide for a report to either party – it only provides for an order to be sent to the Court. However, the parties clearly agree that they should each receive something. The Court sees no reason why Defendants should not receive the full report sent to the Court. Plaintiff should receive a report stating whether or not Defendants are in compliance, and with what. In other words, Plaintiff should receive a report stating with what requirements Moss Adams tested Defendants' compliance, and whether Moss Adams found Defendants to be in compliance with each of those requirements.

### **APPOINTMENT OF SPECIAL MASTER**

In light of the preceding, the Court hereby ORDERS:

1. *Appointment.* Effective upon the filing of the affidavit required by Federal Rule of Civil Procedure Rule 53(b)(3), Moss Adams, LLP, is appointed under Federal Rule of Civil Procedure Rule 53(a)(1)(A) as Special Master for the purpose of monitoring and reporting upon Defendants' compliance with the entirety of the Stipulated Order, as provided for therein and explained above.

The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this order.

2. *Procedures*. Pursuant to the Stipulated Order, Moss Adams shall determine the documents or other evidence Defendants shall submit, and shall determine and employ a method for using those documents and evidence to determine Defendants' compliance with the Stipulated Order, at the intervals and for the term provided therein. Moss Adams shall provide reports regarding Defendants' compliance to the Court and the parties as described below.

The Special Master may communicate *ex parte* with Defendants in order to facilitate the provision to the Master of the required documents or other evidence.

Fact findings of the Special Master will be final. (The Court discerns from the absence of a provision for review of the monitoring agent's findings in the Stipulated Order that the parties have consented to this provision.)

3. *Reports.* The Special Master shall report upon Defendants' compliance with the Stipulated Order and shall provide supporting documentation under seal to the Court as specified in the Stipulated Order. As explained above, the same report shall be provided to Defendants. The Special Master shall provide a different report to Plaintiff stating with what requirements Moss Adams tested Defendants' compliance, and whether Moss Adams found Defendants to be in compliance with each of those requirements, with no supporting documents.

4. *Fees and Expenses*. The cost for the Special Master's services, including the cost of preparing the affidavit required by Rule 53(b)(3), shall be divided equally between the Plaintiff and the Defendants.

5. *Affidavit.* Within 30 days, Moss Adams shall file the affidavit required by Federal Rule of Civil Procedure 53(b)(3).

IT IS SO ORDERED.

                                                                          S/ *David A. Katz*
                                                                          DAVID A. KATZ
                                                                          U. S. DISTRICT JUDGE