IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

G. G. MARCK AND ASSOCIATES, INC.,

                Plaintiff,                Case No. 3:05 CV 7391

-vs-

                                              MEMORANDUM OPINION

JAMES PENG, et al.,

                Defendant.

KATZ, J.

Before the Court is Plaintiff's motion for partial summary judgment (Doc No. 48), as to which Defendants have filed an opposition (Doc. No. 51) and Plaintiff a reply (Doc. No. 54). The matter is ready for a ruling by this Court. After due consideration, the Court will grant Plaintiff's motion for partial summary judgment.

**BACKGROUND**

Plaintiff is an importer, supplier and distributor of sublimation mugs in the United States. Defendants Photo U.S.A. Corporation, North American Investments Corp. and Photo U.S.A Electronic Graphic, Inc. also import, supply and distribute sublimation mugs in this country and are owned or controlled by James Peng, an individual and a Defendant herein. Subsequent to the filing of a complaint on September 29, 2005 requesting a temporary restraining order ("TRO") and other relief, this Court conducted an evidentiary hearing on the motion for TRO on October 18 and 19, 2005. At or near the conclusion of that hearing, Peng, on behalf of himself and co-Defendants, agreed to a permanent injunction and the terms of a settlement agreement were dictated into the record. After some issues in the interim, the parties on December 7, 2006

executed a stipulated final order for permanent injunction in which, among other things, they agreed to the continuing jurisdiction of this Court "in order to implement and carry out the terms of all orders and decrees that may be entered herein, to entertain any suitable applications or motion for additional relief, and to assure compliance with this stipulated final order for permanent injunction." (Para. 10, Stip. Final Order for Perm. Inj.)

Upon motion of the Plaintiff, the Court set another hearing to enforce the settlement agreement. On January 23, 2006 Plaintiff filed a motion to reopen the case (doc. No. 45), which was granted by the Court (Doc. No. 46). Thus, this matter is properly before the Court and irrespective of Defendant's assertion to the contrary, this Court has both subject matter and personal jurisdiction over all parties.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately,

this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**DISCUSSION**

An extensive discussion of the reasons for granting Plaintiff's moiton for patial summary judgment is not necessary in light of the description contained in the memorandum in support of that motion. This Court has been involved in multiple hearings on the matter, heard all testimony presented at those hearings and has reviewed the transcript thereof on multiple occasions, including in preparation for a ruling on this motion for partial summary judgment.

Ohio Revised Code § 4615.02 governs deceptive trade practices, and states that "a person engages in deceptive trade practices when, in the course of the person's business, vocation or occupation the person does any of the following: (4) Uses deceptive representations or designations of geographic origin in connectin with goods or services; * * *." During the course of the initial hearing in this matter involving the request for a TRO, the Court heard multiple witnesses testify that Defendants shipped their products with an absence of the country of origin. That alone is a deceptive trade practice. Lawrence Milazzo, Jim Ivins, and Defendant Peng all testified that the mugs shipped into this country and in particular into Ohio, as well as Texas and elsewhere, contained no indication either on the individual mugs or on the shipping packaging of the country of origin. Mr. Peng in a statement to the Court admitted having engaged in that practice. As such, Plaintiff is entitled to a judgment on the issue of deceptive trade practices and to a hearing to establish actual damages and attorneys' fees as contemplated by ORC § 4165.03.

Plaintiff also contends that Defendants have engaged in unfair competition and are guilty of civil conspiracy, relying on *Bird v. Parsons,* 289 F.3d 865 (2002) and 15 U.S. C. § 1125(a)(1)(A). Multiple witnesses have testified that upon receipt of the mugs, there was no marking of any kind on them indicating country of origin and Mr. Peng took responsibility for the mugs not having any identifying indication on them. He acknowledged that he was aware of the absence of such stickering or designation of country of origin and that he knew he should have done so. The failure to show the country of origin clearly is unfair competition.

This Court has found that, while the Ohio Supreme Court has never ruled upon the issue, the courts of appeals have addressed the issue on two occasions. In *Minarik v. Nagy,* 8 Ohio App.2d 194 (1963), that court explained that "conspiracy, viewed as a tort is a malicious combination of two or more persons to injure another, in person or property, in a way not competent for one alone, resulting in actual damage to him." *Id.* 1t 195. The concept of actual damage was explained in *Gosden v. Louis,* 116 Ohio App.3d 195 (1996). That court explained that the statement did not mean that damages had to be attributable only to the exclusion of the underlying tort, but that actual damages means that the damages, in order to be recoverable under a civil conspiracy claim, must be the result of a tort committed in furtherance of the conspiracy. In *Ziegler v. Findlay Industries, Inc.,* 380 F.Supp 2d 909, 914 (2005), this Court opined that the Ohio Supreme Court would adopt the *Gosden* approach if the question were before it and that to succeed on a claim of civil conspiracy under Ohio law, a plaintiff need not plead or prove damages above and beyond those resulting from the tort or torts that are the object of the conspiracy.

In the instant case, Defendants have intentionally engaged in deceptive trade practices and unfair competition as indicated by the Court above. Both of those torts could result in damages,

5

yet to be proved, suffered by Plaintiff. In addition, the evidence clearly demonstrated that Defendants were aware of and intended to ship products overweight, in violation of state law, and declare products coming into this country at a lower transactional value than the true value thereof, in violation of United States Customs laws. Even after having been placed on notice that the same violated the law, Mr. Peng indicated that they continued to do so because it would save more money than the cost of the fine.

The above activities and the underlying tort resulted in civil conspiracy and unfair competition as to which no reasonable minds could differ based on the law and the testimony/evidence before the Court. The contention of Defendants that there are material facts at issue with regard to the subject matter of the pending motion is without merit. The only issue which remains is the establishment by Plaintiff of its actual damages.

In light of the above, the Court finds that the motion of Plaintiff for partial summary judgment on the issues of deceptive trade practices, unfair competition and civil conspiracy is well taken and should and will be granted because no genuine issue of material fact remains as to those claims. The Court will set this matter for a telephone conference with counsel to establish a hearing date at which Plaintiff will be required to establish its damages, including attorneys fees and expenses.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE