IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

G. G. MARCK AND ASSOCIATES, INC.,

                        Plaintiff,                    Case No. 3:05 CV 7391

-vs-

                                                MEMORANDUM OPINION

JAMES PENG, et al.,

                        Defendant.

KATZ, J.

This case is before the Court as a result of a hearing/trial on the issue of damages sought by Plaintiff against Defendants, as well as contempt proceedings for the violation of the terms and conditions of a Stipulated Order for Preliminary Injunction entered into by the parties and approved by this Court on December 8, 2005. The damages hearing was held over a five day period commencing March 29, 2007 and ending April 4, 2007. The matter was tried to the Court without a jury. Since the parties have not requested separate findings of fact and conclusions of law, the Court will issue its brief opinion after a complete review of over 450 pages of memoranda filed by the parties (without seeking consent of the Court to exceed page limits as established by Rule) and subsequent brief summaries of those memoranda by the Plaintiff and Defendants.

**BACKGROUND**

This case began with the filing of a complaint on October 11, 2005 in this Court, after removal by Defendants from state court. Among other things, there was a request in the complaint for injunctive relief, both temporary and permanent. The Defendant entities are importers and distributors of, among other things, sublimation mugs, the overwhelming majority of which are

manufactured in and imported into this country from China. All Defendant entities are owned or controlled by the individual Defendant, James Peng. Subsequent to the filing of the complaint requesting a temporary restraining order ("TRO") and other relief, this Court conducted an evidentiary hearing on the motion for TRO on October 18 and 19, 2005. At or near the conclusion of that hearing, Peng, on behalf of himself and co-defendant entities, agreed to a permanent injunction and the terms of a settlement agreement, which terms were dictated into the record in open court. On November 18, 2005, Plaintiff filed a motion to enforce a settlement, as to which a hearing was held on December 7, 2005 and continued until mid-January; however, a Stipulated Order for Permanent Injunction was signed by all parties and issued by this Court as an order of the Court on December 8, 2005. On April 13, 2006, Plaintiff filed a Motion for Partial Summary Judgment (Doc. No. 48) and a Motion to Appoint a Special Master (Doc. No. 49), which latter motion was granted on June 27, 2006 (Doc. No. 62). (The Motion for Partial Summary Judgment, directed primarily to liability, was granted in a Memorandum Opinion issued on November 9, 2006 (Doc. No. 85)). Thereafter, Plaintiff filed a motion to show cause why Defendants should not be held in contempt of Court for failure to comply with the terms and conditions of the Stipulated Permanent Injunction (Doc. No. 71 filed September 21, 2006). Ultimately, the damages hearing was held as noted above.

The motion for partial summary judgment was granted on the issue of liability of Defendants under Ohio Revised Code § 4515.02, Deceptive Trade Practices; unfair competition pursuant to 15 U.S.C. § 1125(a)(1)(A) (this was due to lack of designation of country of origin on the sublimated mugs imported into this country from China); and civil conspiracy. These findings as reflected in the Memorandum Opinion granting the motion for partial summary judgment were

2

buttressed by the evidence adduced during the damages hearing. There is no question in the mind of this Court that the evidence at the damages hearing reflected overweight shipping both by containers in vessels bringing the cups to this country and by common carriers by truck on the roads of this country, as well as lack of exhibiting the country of origin on either the packages of or individual sublimation cups imported and distributed by Defendants. However, the Court finds that Plaintiff has not carried its burden of proof on the issue of manufacture of said cups in China by the utilization of slave labor.

## CONTEMPT

The evidence presented by Plaintiff clearly demonstrates that Defendants willfully violated the terms of the Permanent Injunction. The Court will impose sanctions as a cure therefore.

## DAMAGES

Plaintiff urges the Court to award damages under the Lanham Act and O.R.C. §§ 4165 et seq. as well as penalties to cure Defendants' contempt for willful violation of the Permanent Injunction, an order of this Court. The Court is urged to accept the proposition that a private right of action exists under the Lanham Act and sections 4165 et seq. through incorporation by reference into the Permanent Injunction. In that Injunction Defendants agreed not to undertake activities which violated federal and state statutes and/or regulations. A review of the Stipulated Order for Permanent Injunction reflects that among other things, Defendants accepted the fact of the jurisdiction of this Court over the subject matter and personal jurisdiction over Defendants as well as the venue in this District and Division. Additionally, paragraph 7 on page 3 of the Order reads as follows:

> Defendants agree to accurately designate the country of origin on its products and/or packaging imported into the United States.

Further, Defendants were permanently enjoined from submitting false or inaccurate documentation to U. S. Customs regarding their products and from shipping products within the United States by truckload bearing aggregate weights in excess of weight limitations permitted by applicable federal, state or local laws. The Court retained continuing jurisdiction over these matters for the term of the injunction, three years from December 8, 2005.

The evidence presented by Plaintiff is asserted by counsel to have established a total of Defendants' gross revenues from 2002 - 2006 of $11,900,000; Defendants gross revenues for 2000 - 2001 of $1,300,000; Plaintiff's actual damages/lost profits for the six year period through 2006 of $2,253,975 and attorneys' fees of $340,786; "all to a reasonable degree of financial certainty totaling $15,794,461." Plaintiff also urges the Court to treble actual damages to $6,761,925. With respect to contempt and the need to cure that contempt through assessment of a penalty, Plaintiff urges an award to it of $3,168,266.62. Further, Plaintiff requests a finding of punitive damages.

Obviously, Defendants decry the conclusions of Plaintiff set forth above and, while Defendant was shown at the hearing to be uncooperative or unable to produce records, the Court will not rely completely on the assumptions reached by accounting experts of Plaintiff with respect to Plaintiff's loss of sales and/or profits. The extrapolation of the conclusions by those experts was, to this Court's mind, speculative and significantly high.

As noted above, Plaintiff urges the Court to award damages as if this were the government pursuing Defendants for violation of its laws and regulations. Assuming such an approach may be legally justified due to the terms of the Stipulated Permanent Injunction and the incorporation by reference of federal and state laws and regulations, the Court concludes that it will not pursue the same path as urged by Plaintiff. While the government may pursue such drastic economic

sanctions, without regard to the economic ability or viability of the Defendants, this Court will not do what, in the context of this case, would clearly be confiscatory and drive Defendants from the market place. The Court will award damages intended to compensate Plaintiff and at the same time to "encourage" Defendants to abide by the terms and conditions of the Stipulated Permanent Injunction as well as all laws and regulations of the United States and its agencies.

After sitting through five days of hearings and reviewing all of the testimony offered, it is the conclusion of this Court that Plaintiff be awarded damages as against Defendants in the total amount of $1,150,000. With respect to the curative sanctions of the Court for willful violation of a Court order, the Stipulated Protective Order, this Court will sanction Defendants by ordering them to pay the Plaintiff's legal fees which, at the date of the hearing were $340,786; Plaintiff may within two (2) weeks file proof of additional fees incurred subsequent to the hearing on damages to the date of the filing of such proofs.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE