IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

G. G. MARCK AND ASSOCIATES, INC.,

                        Plaintiff,                    Case No. 3:05 CV 7391

-vs-

                                                        O R D E R

JAMES PENG, et al.,

                        Defendant.

KATZ, J.

      Before the Court is Defendants' motion to waive bond (Doc. No. 277) and a supplemental memorandum in support thereof (Doc. No. 278); Plaintiff has filed a memorandum in opposition to the motion and a memorandum in response to the supplemental memorandum (Doc. Nos. 279 & 280). For the reasons briefly stated hereafter, Defendants' motion to waive bond will be denied.

      Without reiterating all of the activity which has taken place subsequent to the grant of judgment for the Plaintiff, in brief the Defendants are responding to this Court's order of September 10, 2007 fixing bond at $2,000,000.00. In working with banks on the west coast, where Defendants offices are located, it has been represented to the Court that a letter of credit sufficient to support the issuance of a supersedeas bond will not be issued because of the fact that Plaintiff has filed judgment liens on the properties of the Defendants in California. At conferences with the Court and defense counsel, Plaintiff's counsel has on multiple occasions indicated a willingness to subordinate the priority of those judgment liens to a security interest of the institution issuing a letter of credit or other instrument which results in the issuance of the supersedeas bond required by this Court. However, as represented by counsel for Plaintiff, no

approach has been made to working that through as between or among the Plaintiff, Defendants and a financial institution.

Defendants rely upon Rule 61(f), which addresses a stay in accordance with state law. In reviewing that state law and Rule 61(f) the Court agrees with counsel for Defendant that in the first instance Rule 61(f) applies to Ohio, not California law, and secondly, even if California law were to apply, as the Court reads California Code of Civil Procedure § 995.710(a) there is nowhere in the statute authority to substitute real property as security for a bond.

In reviewing the cases cited by the parties including, but not limited to, *Sauter v. Sauter,* 38 F.Supp. 501 (D.C. Pa. 1973), while the Court under certain circumstances deemed extraordinary would have the right to waive bond, the same would be done only if the Defendant satisfied the Court by offering substantial security as in the *Sauter* case. No such offer has been forthcoming. The judgment liens of the Plaintiff on property of the Defendants could be deemed "substitute security", but only if the value of those liens is established to the satisfaction of this Court. No suggestion has been made with respect thereto.

While the Court is sympathetic to the position in which Defendants find themselves, it is not the Court's obligation, nor that of Plaintiff, to craft a solution to those problems. Nothing has been offered thus far which would justify the Court granting the pending motion and for that reason it is denied.

IT IS SO ORDERED.

             s/ *David A. Katz*
             DAVID A. KATZ
             U. S. DISTRICT JUDGE