IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

G. G. MARCK AND ASSOCIATES, INC.,

                            Plaintiff,                    Case No. 3:05 CV 7391

       -vs-

                                                O   R   D   E   R

JAMES PENG, et al,

                           Defendant.

KATZ, J.

The Defendants in this case, after months of negotiations between counsel for the parties and multiple interventions by this Court, have file a $2,000,000.00 (two million dollar) supersedeas bond and a proposed order (Doc. 291).  That proposed order would grant the Defendants a stay of execution on the judgment previously granted by the Court, which stay would be effective during the pendency of appeal.

Plaintiff has filed objections and a proposed order (Doc. 292, Ex. 4) which, in short, would permit continuation of efforts initiated prior to the posting of the bond (e.g., document production and debtor's exam).  Those efforts were appropriate at that time and were in aid of execution on the judgment, as to which liens had been filed.  Plaintiff now seeks to continue discovery in the form of document production and a debtor's exam, all in aid of execution at a later date, presumably post-appeal, pursuant to Fed. R. Civ. P. 69(a).

Both parties have filed memoranda in support of their positions.  The Court will herein accept Defendants' proposed order and reject Plaintiff's.

Pursuant to Fed. R. Civ. P. 62(d), Defendant is entitled to a stay of execution on a money judgment after filing a satisfactory supersedeas bond.  *See Verhoff v. Time Warner Cable, Inc.*, 2007 WL 4303743 (N.D. Ohio 2007).  "The purpose of the supersedeas bond is to preserve the status quo during the pendency of an appeal."  *Screiber v. Kellogg*, 839 F.Supp. 1157, 1159 (E.D. Pa. 1993).

Plaintiff asks the Court to adopt the following language in its proposed order: "This Order of Stay **does not** preclude or prohibit any action or proceeding to enforce or execute on the Judgment initiated prior to entry of this Order of Stay including the document production and debtors' exams identified in *G.G. Marck & Associates, Inc. v. James Peng, et al.*, [i]n the United States District Court, Northern District of California, Case No. C 07 80222 Misc."  Pl.'s Proposed Order, Doc. 292, Ex. 4 at 2 (emphasis in original).  Plaintiff relies on *Larry Santos Prods. v. Joss Organization, Inc.*, 682 F.Supp. 905 (E.D. Mich. 1988).  In *Santos*, the district court declined to stay a writ of garnishment, reasoning that "allowing retroactive stays would enable a judgment debtor to delay the filing of a bond until threatened by the efforts of a creditor to execute upon the judgment, and then benefit from the bond as though it had been filed before execution was attempted."  *Id*. at 906.  The court noted that "situations may be imagined in which the denial of a retroactive application of a stay would result in manifest injustice" but that where the defendant had delayed its filings beyond the deadline, there was no "agreement not to execute the judgment," and the amount of the bond was $335,000.00, no such injustice existed.

In the case before this Court, Defendants did not intentionally delay the filing of the bond, but rather informed the Court of the extra time necessary to deal with liens on Defendants' properties placed by the prevailing Plaintiff.  *See Phansalkar v. Andersen Weinroth & Co., L.P.*,

2

211 F.R.D. 197, 201 (S.D.N.Y. 2002) (denying action in furtherance of judgment where delay was caused by prevailing party, and distinguishing *Santos*, where delay was caused by judgment debtor).  Additionally, there was in this case no execution of the judgment, but rather the mere filing of liens.  *Santos* was based on execution of judgment.  Finally, the amount of the bond in this case, $2,000,000.00, is nearly six times the amount of the bond in *Santos*.  The policy concerns of *Santos* are not implicated here, as Defendant has posted a bond in the full amount ordered by this Court, and there is no indication of intentional delay by Defendants.  As such, the reasons for delay and the amount of the bond raise the concern to this Court that allowing further discovery while an appeal is pending could result in manifest injustice.

Defendants' proposed order (Doc. 291) is hereby adopted as an order of this Court, as follows below.

Defendants have posted the $2 million dollar bond ordered in this matter as attached as Exhibit A, Doc. 291. The Court approves such bond and acting pursuant to Fed. R. Civ. P. 62, hereby **STAYS** its August 22, 2007 judgment and attorney's fees award issued in this case. Accordingly, G.G. Marck and Associates and its agents are prohibited from taking any action from this day forward to enforce or execute on that judgment and any and all proceedings to enforce or execute that judgment and fees award are **STAYED** pending complete and final resolution of the parties' appeal and crossappeal before the Sixth Circuit Court of Appeals and any and all subsequent proceedings (including but not limited to remands and further appeals) resulting from said appeal and cross-appeal.

In accordance with this Entry, Plaintiff shall take no action to enforce or execute upon the August 22, 2007 judgment and attorney's fees award until further Order of this Court.

3

The $2 million dollar supersedeas bond posted by Defendants has been reviewed by the Court, and is hereby **APPROVED.** *See* Fed. R. Civ. P. 62(d).

IT IS SO ORDERED.

  s/ *David A. Katz*

DAVID A. KATZ

U. S. DISTRICT JUDGE

4