IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

G.G. MARCK & ASSOCIATES, INC.,

                Plaintiff,        Case No. 3:05 CV 7391

-vs-

                             MEMORANDUM OPINION

JAMES PENG, et al.,

                Defendant.

KATZ, J.

This matter is before the Court on (1) Defendants James Peng, Photo U.S.A. Corporation, North America Investments Corp., and Photo USA Electronic Graphic Inc.'s motion for release of supersedeas bond and for an order directing Plaintiff G.G. Marck and Associates, Inc. to release its judgment liens upon Defendants' real property (Doc. 311); (2) Plaintiff's motion for an order requiring Defendants to post a bond (Doc. 313) which Defendants oppose (Doc. 314); and (3) Defendants' (Doc. 310) and Plaintiff (Doc. 312) have also submitted briefs with regard to how to proceed in this case.

**I. Background**

On October 11, 2005, Defendants removed this case to federal court. Plaintiff alleges against Defendants claims for unfair competition, civil conspiracy, deceptive trade practices, trademark infringement, and tortuous interference with business relations. (Doc. 1). On April 12, 2006, Plaintiff filed a motion for partial summary judgment on the claims for deceptive trade practices. (Doc. 48). On November 9, 2006, the Court entered judgment for Plaintiff. (Doc. 86). On August 22, 2007, the Court awarded Plaintiff damages on the claims for deceptive trade practices in the amount of $1,150,000 in damages, and $340,786 in attorney's fees as a sanction. (Doc. 258).

On September 10, 2007, the Court set the amount for bond on appeal at $2,000,000. (Doc. 269). On September 11-12 and October 23, 2007 Plaintiff field an abstract of judgment in the records of the

California counties of Alameda, Santa Clara, Marin, San Mateo, and San Francisco, thereby encumbering Defendants' properties for the purpose of securing the judgment. (Doc. 311 at Ex. A-D). On October 2, 2007, Defendants filed a Notice of Appeal with respect to the August 22, 2007 judgment. (Doc. 274). Subsequently, Defendants posted the Bond which this Court approved on April 1, 2008. (Doc. 295). On February 5, 2009, the Sixth Circuit entered its decision vacating this Court's August 22, 2007 order awarding damages and sanctions against Defendant. (Doc. 306).

## II. Discussion

### A. Supersedeas bond

Under Fed. R. Civ. P. 62(d), "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . the bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal." Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right. *Arban v. West Pub. Corp*. 345 F.3d 390, 409 (6th Cir. 2003). "The purpose of the supersedeas bond is to preserve the status quo during the pendency of an appeal. It protects the winning party from the possibility of loss resulting from the delay in execution." *Schreiber v. Kellogg*, 839 F.Supp 1157, 1159 (E.D. Pa. 1993) (citing *Federal Prescription Service v. American Pharmaceutical Ass*., 636 F.2d 755 (D.C. Cir. 1980).

In the case at bar, no appeal is pending. On February 5, 2009, the United States Court of Appeals for the Sixth Circuit vacated "the orders of the district court insofar as they awarded sanctions against Peng, awarded Marck summary judgment and damages, and reopened the case. [The Sixth Circuit] remand[ed] for further proceedings." (Doc. 306 at 19). By virtue of the Sixth Circuit's decision, there is no longer any legal basis for the continued existence of the supersedeas bond posted by Defendants or the judgment liens attached by Plaintiff to Defendants' property under Fed. R. Civ. P. 62(d).

Plaintiff argues that it is entitled to a remedy in the form of a $2,000,000 bond under Local Civil Rule 65.1.1. The problem with this line of reasoning is that it necessarily invokes the rules on prejudgment rather than post-judgment remedies. Plaintiff focuses on the language from the Sixth Circuit opinion that states: "We express no opinion on the propriety of the summary judgment . . . [or] the subsequent damages award." (Doc. 306 at 19). However, this language does not extinguish the court's clear statements vacating the awarded sanctions, summary judgment, and damages. (Doc. 306 at 2, 8, 19). At this juncture, the Court makes no determinations with regard to prejudgment remedies.

### B. Post-remand timeline

The Sixth Circuit vacated this Court's reopening of the case and all judgments dependant on that reopening, including: (1) summary judgment and damages awarded to G.G. Marck, and (2) sanctions against Peng. The Sixth Circuit questioned the basis on which this Court "reopened a settled case while leaving intact a permanent injunction that was part of the settlement." *G.G. Marck and Associates, Inc. v. Peng*, 2009 WL 260768 at *1 (6th Cir. February 5, 2009).

### 1. Summary Judgment and Damages Awarded to Marck

With regard to summary judgment and damages awarded to G.G. Marck, the Sixth Circuit directed this Court to determine "whether (1) to enforce the settlement as fully encompassed in the stipulated permanent injunction, or (2) if the additional release is required notwithstanding the stipulated permanent injunction, to require the relevant parties to sign the release." *Id* at *6. As a result, the Court directs the parties to file briefs on this question.

In making the determination between these two alternatives, the Sixth Circuit instructed that, after making appropriate findings of fact and conclusions of law, "if the [district] court concludes that the stipulated permanent injunction settled the case, the court should proceed to enforce that injunction, but deny all relief based on the underlying claims. On the other hand, if the court finds that the stipulated permanent injunction did not resolve the requirement of an additional release, the court

3

should either require compliance with the settlement agreement (the preferred course) or vacate the injunction." *Id* at *7. Thus, the Court directs the parties to address the following question in their briefs: if the Court finds that the injunction did not resolve the requirement of an additional release, whether the Court should require compliance with the settlement agreement, or vacate the injunction.

The Sixth Circuit stated that "the case may be reopened if" the district court finds that "the release is not obtainable, and the settlement agreement is therefore unenforceable." *Id.* at *6. In doing so, the district court must "expressly determine whether-and, if . . . [Marck's] evidence establishes extraordinary or exceptional circumstances sufficient to warrant Rule 60(b)(6) relief." *Id.*; *See Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 470 (6th Cir. 2007). "Moreover, the district court cannot conclude that the settlement agreement is unenforceable without vacating the stipulated permanent injunction, because that injunction was entered pursuant to the settlement agreement." *Id.* As a result, the Court directs the parties to address in their briefs whether this case should be reopened, and if so, on what basis.

**2. Sanctions Against Peng**

Based on the evidence before the Sixth Circuit, the court determined that "[t]he district court may impose sanctions for violations of the stipulated permanent injunction that occurred before its entry of final judgment below only with respect to the failure of Peng to give Ms. Peng, in her capacity as a corporate officer, a copy of the order as it required by its terms." *Id.* at *10.

The Sixth Circuit explained that "[t]o sustain a finding of contempt, Marck would have had to prove by clear and convincing evidence that Peng violated the court's prior order, [t]he violated order must have been definite and specific, and [a]mbiguities must be resolved in favor of persons charged with contempt." *G.G. Marck*, 2009 WL 260768 at *8 (internal quotes and citations omitted). As a result, the Court directs the parties to brief this issue.

**III. Conclusion**

4

With regard to the bond, the Court grants Defendants motion (Doc. 311) and denies Plaintiff's motion (Doc. 313). The Clerk of this Court shall release the $2,000,000 supersedeas bond on appeal issued on Defendants' behalf by Travelers Casualty and Surety Company of America, and Plaintiff G.G. Marck shall take all necessary steps required to release the judgment liens, specified herein (Doc. 311 at Ex. A-D), that it has placed upon Defendants' real property. With regard to the post-remand timeline, Plaintiff shall file a brief as directed in Section II(B) above within thirty (30) days. Defendants shall have thirty (30) days for response and Plaintiff shall have ten (10) days for reply.

IT IS SO ORDERED.

                                                    s/ *David A. Katz*
                                                    DAVID A. KATZ
                                                    U. S. DISTRICT JUDGE