IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

G. G. MARCK AND ASSOCIATES, INC.,

                        Plaintiff,                Case No. 3:05 CV 7391

    -vs-

                                                    <u>MEMORANDUM  OPINION</u>

JAMES PENG, et al.,

                        Defendant.

KATZ, J.

      Plaintiff, G.G. Marck and Associates, has filed four motions that are now pending before the Court. These motions are: a motion for a permanent injunction (Doc. 334); a motion for entry of a damages award (Doc. 335); a motion for a finding of contempt against Defendants James Peng, Photo U.S.A. Corporation, North American Investments Corp., and Photo USA Electronic Graphic, Inc. ("Defendants") (Doc. 336); and a motion to adopt Plaintiff's proposed Findings of Fact and Conclusions of Law (Doc. 337). Defendants have filed responses to each motion, to which Plaintiff has replied.[1] Oral argument as to the motions was held on June 3, 2010.

      The motion for an entry of a damages award (Doc. 335) will be granted in part and denied in part: the Court will award Plaintiff its actual damages, attorney's fees, and costs, but will not award Defendants' profits. The motion for a finding of contempt (Doc. 336) will be granted. The motions for a permanent injunction (Doc. 334) and to adopt Plaintiff's findings of fact and conclusions of law (Doc. 337) will be denied.

---

[1] Briefing on these motions was delayed for several months while Defendants unsuccessfully pursued a writ of mandamus in the Sixth Circuit.

**I. Background**

The tortured history of this litigation, now approaching its fifth year, was fully summarized in the Court's previous opinion on post-remand issues. (Doc. 331 at 1-5). The Court will now briefly set forth the pertinent points.

Summary judgment was granted to Plaintiff on its claims of deceptive trade practices, unfair competition, and civil conspiracy claims in a memorandum opinion issued on November 9, 2006 (Doc. 85).[2] Between March 28, 2007 and April 4, 2007, the Court then held an extensive bench trial on the damages to be awarded Plaintiff pursuant to that ruling, as well as issues related to Defendants' alleged contempt of court. In connection with that hearing, the parties submitted voluminous evidence related to damages issues. The Court ruled on issues related to damages and contempt in a memorandum opinion issued on August 22, 2007.

Defendants then filed an appeal in the Sixth Circuit, challenging several of this Court's previous rulings, including its liability and damages determinations. In an opinion issued on February 5, 2009, the Sixth Circuit "vacate[d] the orders of the district court insofar as they awarded sanctions against Peng, awarded Marck summary judgment and damages, and reopened the case" and remanded for further proceedings. *G.G. Marck and Associates, Inc. v. Peng,* 309 Fed.Appx. 928, 938 (6th Cir. Feb. 5, 2009).

This Court then ordered briefing on how to proceed in response to the Sixth Circuit's remand. In an extensive memorandum opinion issued on October 21, 2009 (Doc. 331), the Court reinstated its previous summary judgment ruling on liability, as nothing in the Sixth Circuit's

---

[2] Plaintiff has abandoned its claims of trademark infringement and tortious interference with business relations. *G.G. Marck and Associates, Inc. v. Peng,* 309 Fed.Appx. 928, 931-932 (6th Cir. Feb. 5, 2009).

2

opinion addressed the substance of that ruling. Although the Defendants, in their briefing, indicate that they would very much like to see the liability issue reopened, there is no reason to do so, as the issue has already been decided by this Court. Any further arguments as to the correctness of that ruling are better addressed to the appellate courts.

In the October 21, 2009 opinion, the Court did determine that its previous damages ruling "was overturned in large measure by the Sixth Circuit opinion, and must therefore be reconsidered." (Doc. 331 at 18). The Court therefore left the case open so that Plaintiff could move for further relief pursuant to the previous summary judgment ruling, and will rule on the damages and contempt issues afresh. As noted above, Plaintiff has now filed several motions for such relief that are ready to be ruled upon.

**II. Discussion**

*A. Motion for Damages*

The Court will initially address Defendants' contention that a jury trial is required in this matter in order to award damages. Both parties agreed to proceed with a bench trial on damages and contempt issues back in 2007, without preserving any objection to the lack of a jury. Nor did the Defendants object during the nearly week-long hearing to the absence of a jury, even though that absence was noted several times by the Court. The issue was not mentioned by the Defendants in their post-hearing brief either (Doc. 248).

Under such circumstances, the law governing the Defendants' right to a jury trial pursuant to both Fed. R. Civ. P. 39(a) and the Seventh Amendment is clear. "The Sixth Circuit has held on at least two occasions that failure to object to a court order establishing a bench trial is waiver of the right to trial by jury." *Transmatic, Inc. v. Gulton Industries, Inc.*, 835 F.Supp. 1026, 1027

3

(E.D. Mich. 1993) (citing *Sewell v. Jefferson County Fiscal Court*, 863 F.2d 461 (6th Cir.1988), and *Mensah v. Shepard*, 1991 WL 193751 (6th Cir. Oct. 1,1991)). Thus, the Court will proceed to award damages based on the evidence adduced at the evidentiary hearing/trial previously held in this matter.[3]

Plaintiff may recover the following as damages for Defendants' violations of 15 U.S.C. §1125(a): " (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). Such damages are to be awarded "subject to the principles of equity" and "shall constitute compensation and not a penalty." *Id*. Therefore, a trial court in Lanham Act cases has broad discretion to make a damages award in accordance with principles of equity. "The trial court's primary function is to make violations of the Lanham Act unprofitable to the infringing party." *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 744 (7th Cir. 1985).

**1. Plaintiff's Actual Damages**

At the damages trial, Plaintiff's expert, Dr. Christopher Pflaum, testified that, in his estimation, Defendants' violations of the law caused Plaintiff to forego $2,253,975 in unrealized profits (Doc. 237 at 303). While any estimate of Plaintiff's lost profits necessarily contains a degree of guesswork, Defendants do not point to anything in their opposition brief (Doc. 344) casting doubt on the reliability or accuracy of Dr. Pflaum's estimate of Plaintiff's lost profits.

---

[3] The Defendants, throughout their briefs, incorrectly characterize Plaintiff's motions as having been brought pursuant to Fed. R. Civ. P. 56 for summary judgment. As the above discussion indicates, however, they are instead motions to award damages and other relief pursuant to the evidence adduced in connection with the bench trial conducted in 2007. Therefore, Plaintiff does not have the burden of showing the absence of any genuine issue of material fact as to damages or the other forms of relief it seeks.

Indeed, Dr. Pflaum's methodology and assumptions in calculating that amount were reasonable, and thus it would be inappropriate for the Court to undertake its own back-of-the-envelope calculations of Plaintiff's lost profits. Moreover, the case law indicates that any residual confusion as to Plaintiff's losses should count against the wrongdoer. See, *e.g.*, *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 526 (10th Cir.1987) ("A [Lanham Act] defendant whose wrongful conduct has caused the difficulty in assessing damages cannot complain that the damages are somewhat speculative.").[4]

**2. Disgorgement of Defendants' Profits**

Dr. Pflaum also testified at the 2007 damages trial as to Defendants' profits. Plaintiff urges that this testimony should furnish the basis for a disgorgement award. While disgorgement of the defendant's profits may comport with equitable principles in a trademark infringement case, where it can be assumed that any sales obtained using the infringing mark would otherwise have gone to the mark's rightful owner, such an assumption does not hold in a case such as the one at present, where the deceptive trade practices do not involve trademark misappropriation. Plaintiff makes no claim that an award of actual damages pursuant to Dr. Pflaum's estimate would undercompensate it. Thus, it would not be in accordance with the statutory scheme to award Defendants' profits to Plaintiff. As noted above, damages awarded pursuant to the Lanham Act should "constitute compensation and not a penalty." 15 U.S.C. § 1117(a).

**3. Attorney's Fees**

---

[4] Defendants raise issues as to the statute of limitations and laches. They argue that Gary Marck, Plaintiff's president, waited until 2005 to file this lawsuit despite knowing of Defendants' misconduct several years earlier. At the damages hearing, however, Marck testified that he first became aware, to a degree of certainty, that Defendant was violating the law in 2005 (Doc. 238 at 418-421), and the Court finds Marck's testimony on this point to be credible.

Finally, Plaintiff moves for an award of attorney's fees and other costs. The Sixth Circuit has held that, pursuant to the Lanham Act, attorney's fees may be awarded in "exceptional cases." *Johnson v. Jones*, 149 F.3d 494, 503 (6th Cir. 1998). "A case should be considered 'exceptional' only when the infringement is 'malicious, fraudulent, willful, or deliberate.'" *Id*. (quoting *Hindu Incense v. Meadows*, 692 F.2d 1048, 1051 (6th Cir.1982)). The Lanham Act attorney's fees remedy is not limited to trademark infringement cases, but may be applicable in any case involving unfair competition that violates the Lanham Act. *Gnesys, Inc. v. Greene*, 437 F.3d 482, 488-489 (6th Cir. 2005).

The Court finds that this is an "exceptional case" for purposes of § 1117(a) of the Lanham Act, for two reasons. First, as this Court noted in its memorandum opinion on Plaintiff's summary judgment motion, the evidence shows clearly that "Defendants have intentionally engaged in deceptive trade practices and unfair competition." (Doc. 85 at 5-6). Specifically, the evidence leaves no doubt that Peng knew that he was required to indicate the country of origin on the mugs he imported, yet intentionally failed to do so. (Doc. 85 at 5). Moreover, "the evidence clearly demonstrate[s] that Defendants were aware of and intended to ship products overweight, in violation of state law, and declare products coming into this country at a lower transactional value than the true value thereof, in violation of United States Customs laws." (Doc. 85 at 6). Indeed, "[e]ven after having been placed on notice that the same violated the law, Mr. Peng indicated that they continued to do so because it would save more money than the cost of the fine." *Id*. Defendants in this case, in other words, knowingly violated the law in order to gain a competitive advantage. This is therefore a clear case of unlawful conduct that is "malicious, fraudulent, willful, or deliberate."

6

Second, as explained further below, "clear and convincing" evidence adduced at the damages trial/contempt hearing established that Defendants violated the permanent injunction that had been entered in this case by not providing a copy of the injunction to Anna Peng. See *G.G. Marck*, 309 Fed. Appx. 928, 936-937. As this Court noted in its remand opinion, "[t]his violation [was] not trivial, for Anna Peng was an officer of two of the corporate defendants in this case and had significant oversight responsibilities in both posts; her knowledge of the injunction's terms was essential to carrying out its dictates." (Doc. 331 at 15). Indeed, as explained below, this violation properly furnishes the basis for a contempt finding against Defendants. The case law indicates that violation of a permanent injunction may support an award of attorney's fees pursuant to § 1117(a) of the Lanham Act. *Gnesys, Inc. v. Greene*, 437 F.3d 482, 489 (6th Cir. 2005).[5]

The Court therefore finds that Plaintiff is entitled to recover its attorneys fees and costs in pursuing this action. Plaintiff is granted leave to file a further submission as to the amount of such costs and fees with the Court.

### *B. Motion for a Finding of Contempt*

To sustain a finding of contempt, Plaintiff must "prove by clear and convincing evidence that [Defendants] violated the court's prior order." *G.G. Marck*, 309 Fed. Appx. at 936 (quoting *Grace v. Center for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir.1996)). As held by the Sixth Circuit, Plaintiff has made such a showing with regard to the failure to provide a copy of the injunction to Anna Peng. *Id.* at 936-938. Plaintiff's motion for a finding of contempt is therefore well-taken.

---

[5] It should be noted that the violation of the permanent injunction noted above represents the tip of the iceberg in regard to Defendants' vexatious conduct throughout the course of the litigation. That conduct is recounted extensively in this Court's earlier remand opinion (Doc. 331).

As the Sixth Circuit also noted, "some sanction would have been appropriate for this violation." *G.G. Marck*, 309 Fed. Appx. at 938. Contempt sanctions come in two varieties: compensatory sanctions, which are imposed to compensate the injured party "for expenses caused by past noncompliance," and coercive sanctions, which are imposed to "encourage future compliance." *Id.*

As a general matter, "[t]he magnitude of the sanctions imposed [for contempt] should be assessed by weighing the harm caused by noncompliance, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Glover v. Johnson*, 199 F.3d 310, 312 (6th Cir. 1999) (internal quotation marks omitted). The amount of any coercive sanction need not correspond to a demonstrated loss suffered by the injured party.

As noted above, Defendants' failure to provide Ms. Peng with a copy of the permanent injunction was a serious violation. While that permanent injunction has now been vacated and, as stated below, the Court will not award Plaintiff further injunctive relief at this time, there still exists a significant public interest in encouraging Defendants' compliance with further court orders in this litigation. Having balanced the relevant factors, the Court finds that a coercive sanction of $5,000 against Defendants, payable to the Court, is appropriate.

*C. Motion for a Permanent Injunction*

Plaintiff also asks this Court to grant a permanent injunction. But "the party seeking injunctive relief generally must show that there is no other adequate remedy at law." *United States v. Miami University*, 294 F.3d 797, 816 (6th Cir. 2002); see also *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, (1982) ("The Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies.").

8

Given this Court's decision to award money damages to Plaintiff, and the absence of any evidence that Defendants will violate the law in the future, an award of injunctive relief at the present time would not be appropriate. Therefore, Plaintiff's motion for a permanent injunction is denied.

*D. Motion to Adopt Findings of Fact and Conclusions of Law*

Finally, Plaintiff moves for adoption of Findings of Fact and Conclusions of Law it has submitted.

The Federal Rules of Civil Procedure require that "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a). Such findings and conclusions "may appear in an opinion or a memorandum of decision filed by the court." *Id*.

Adoption of Plaintiff's Findings of Fact and Conclusions of Law would be inappropriate for at least two reasons. For one thing, factual findings entered pursuant to Rule 52(a) "should represent the judge's own determination and not the long, often argumentative statements of successful counsel." Fed. R. Civ. P. 52(a), Advisory Committee Notes 1946, Note on Subdivision (a). Regardless of the substantive correctness of Plaintiff's proposed findings and conclusions, therefore, simply adopting them would not be in accordance with the spirit of Fed. R. Civ. P. 52(a), as they are contested by Defendants and, inevitably, represent Plaintiff's own view of the case.

For another, adoption of Plaintiff's proposed findings and conclusions is unnecessary in light of the Court's issuance of this memorandum opinion. Rule 52(a) is not to be applied in a mechanistic fashion. Rather, "the judge need only make brief, definite, pertinent findings and

9

conclusions upon the contested matters; there is no necessity for over-elaboration of detail or particularization of facts." Fed. R. Civ. P. 52(a), Advisory Committee Notes 1946, Note on Subdivision (a). Moreover, such factual findings "should be a part of the judge's opinion and decision, either stated therein or stated separately." *Id*.

The Court has previously found that there are no genuine factual issues relating to Defendants' liability (Doc. 85); this finding was made in the context of a motion for summary judgment, not a bench trial. Additionally, the Court has set forth all of its pertinent factual findings in connection with damages and contempt issues within this memorandum opinion, as contemplated by Rule 52(a). In this posture, there is no need for an additional, prolix rendition of factual findings as to damages and contempt issues.

Thus, Plaintiff's motion for adoption of its proposed Findings of Fact and Conclusions of Law is denied.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for an entry of a damages award (Doc. 335) is granted in part and denied in part, as follows: the Court will award Plaintiff its actual damages, attorney's fees, and costs, but will not award Defendants' profits. Judgment is hereby entered against Defendants in the amount of $2,253,975.

Plaintiff is granted four weeks to file a statement of the attorney's fees and costs it has incurred in pursuing this action with the Court.

Plaintiff's motion for a finding of contempt (Doc. 336) is granted, and the Court hereby assesses a sanction of $5,000 against Defendants.

Plaintiff's motions for a permanent injunction (Doc. 334) and to adopt Plaintiff's Findings of Fact and Conclusions of Law (Doc. 337) are denied.

IT IS SO ORDERED.

                                                                   s/ *David A. Katz*
                                                                   DAVID A. KATZ
                                                                   U. S. DISTRICT JUDGE